Timothy Bechtold
Bechtold Law Firm, PLLC
P.O. Box 7051
Missoula, MT 59807
406-721-1435
tim@bechtoldlaw.net

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| LARRY WALSH, <br><br> Plaintiff, <br><br> vs. <br><br> STATE OF MONTANA DEPARTMENT OF CORRECTIONS, OFFICE OF THE STATE PUBLIC DEFENDER, and DOES 1-10, <br><br> Defendants. | CV-21-31-BU-BMM-JTJ <br><br> **COMPLAINT AND JURY TRIAL DEMAND** |

Plaintiff Larry Walsh demands a jury trial and alleges as follows:

**INTRODUCTION**

1.      This is an action for deprivation of civil rights under color of law, and for negligence, and other wrongful acts.  This action arises out of both federal and state law for damages resulting from the unlawful conduct of Defendants.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over the claims specified in this *Complaint* pursuant to 42 USC §1983, 28 USC §1331, 28 USC §1343, and 42 USC §1988.  Plaintiff also seeks redress for violations of protections afforded under the Montana Constitution.

3.      Jurisdiction for state law claims against all Defendants pursuant to the laws of the State of Montana is conferred upon this Court pursuant to 28 USC §1367.

4.      Venue in this case is proper in this district and division under 28 USC §1391 and LR 1.2 because the Central Services Division of the Office of the State Public Defender is located in Silver Bow County and the Montana Department of Corrections is located in Powell County, Montana and.

## THE PARTIES

5.      Plaintiff Larry Walsh is a citizen of the State of Montana and is currently a resident of Colorado Springs, Colorado.

6.      At the time of the acts complained of herein, Larry Walsh was in the custody of the Montana Department of Corrections and represented by the State Office of the Public Defender.

7.      Defendants Does 1-10 are individuals whose true identities and capacities are as yet unknown to Plaintiff and his counsel, despite diligent inquiry

and investigation, and who acted herein as described more particularly below in connection with the breaches of duties and/or violations of law alleged herein and who in some manner or form not currently discovered or known to Plaintiff may have contributed to or be responsible for the injuries alleged herein. The true names and capacities of the Doe Defendants will be substituted as they become known.

## FACTUAL ALLEGATIONS

8.      On August 4, 2011, Larry Walsh was convicted of robbery in Montana's Fourth Judicial District Court, Missoula County.

9.      On November 30, 2011, Larry Walsh's conviction was amended to accountability for robbery, and he received a deferred imposition of sentence for a period of six years.

10.     On January 6, 2012, the state petitioned to revoke Larry Walsh.

11.     On July 17, 2014, Larry Walsh appeared on the petition to revoke before Judge Larson, who ordered Larry Walsh detained.

12.     On August 7, 2014, Judge Larson held a hearing on the petition to revoke at which Larry Walsh admitted violating his conditions of release.

13.     On August 28, 2014, Judge Larson revoked Larry Walsh's prior sentence, and sentenced him to six years with one year suspended, and ordered that

Larry Walsh received credit for time served "in an amount to be provided by his counsel."

14.    Larry Walsh's counsel did not provide the court with the amount of credit for time served.

15.    The Montana Department of Corrections first placed Larry Walsh at Crossroads Correctional Center, a private prison in Shelby, Montana.

16.    The Montana Department of Corrections then transferred Larry Walsh to boot camp, then back to Crossroads Correctional Center.

17.    On or about May, 2017, Larry Walsh was paroled.

18.    Upon information and belief, Larry Walsh then travelled to California, was extradited back to Montana, and placed back into custody at Crossroads Correctional Center.

19.    Upon information and belief, Larry Walsh was held at Crossroads Correctional Center until on or about August, 2019, whereupon he was released and placed under intensive supervision.

20.    On or about December 25, 2019, Larry Walsh was incarcerated for "investigative purposes" and released on or about January 14, 2020.

21.    On February 7, 2020, the Office of the Public Defender filed a motion with Judge Larson asking for Larry Walsh to be given credit for 384 days time served.

22.     On February 11, 2020 Judge Larson entered an order to amend Larry Walsh's judgment, and Larry Walsh was taken off supervision on February 12, 2020.

23.     On information and belief, Larry Walsh served more time than the sentence given to him by Judge Larson on August 28, 2014 because he was only belatedly assigned credit for time served.

24.     The Office of the Public Defender never provided Judge Larson with the amount of time served by Larry Walsh for which Judge Larson provided credit in Larry Walsh's sentence until February 7, 2020, causing Larry Walsh to be overdetained on his sentence.

25.     The Montana Department of Corrections never sought out the amount of time served credit to which Judge Larson sentenced Larry Walsh, causing Larry Walsh to be overdetained on his sentence.

26.     Plaintiff has complied with the requirements set forth in Mont. Code Ann. § 2-9-301 to present his claims to the Department of Administration by submitting a Notice of Claim to the Department of Administration. The Department of Administration's time for responding to Plaintiff's Notice of Claim has expired.  The Department of Administration failed to respond to Plaintiff's Notice of Claim, constituting a denial for purposes of Mont. Code Ann. § 2-9-301.

## COUNT I
## 42 USC § 1983
## INDIVIDUAL LIABILITY

27.     Plaintiff hereby incorporates all prior paragraphs as though fully restated here.

28.     At all relevant times, individual Doe Defendants acted under the color of law, statutes, ordinances, rules, regulations, customs, policies, practices and/or usages of the State of Montana.

29.     At all times relevant hereto, individual Doe Defendants acted within the course and scope of their employment and/or within the authority conferred upon them by the State of Montana.

30.     While acting under the color of state law, individual Doe Defendants subjected Larry Walsh to deprivation of rights, privileges, or immunities secured by the United States Constitution, namely that individual Doe Defendants failed to provide Judge Larson's court with the amount of time for which he was due credit for time served,  and failed to properly account for the amount of time served to which Larry Walsh was sentenced, causing Larry Walsh to be overdetained in the custody of the state in violation of the Eighth and Fourteenth Amendments.

31.     Individual Doe Defendants acted with deliberate indifference to the substantial risk of serious harm to Larry Walsh.

32.     The acts or omissions complained of in this Count directly and proximately caused or contributed to Larry Walsh's constitutional deprivations, injuries and damages.  Larry Walsh suffered great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, apprehension, and death, which caused Larry Walsh and his family to sustain damages in a sum to be determined at trial.

**COUNT II**
**42 USC § 1983**
**ENTITY LIABILITY**

33.     Plaintiff hereby incorporates all prior paragraphs as though fully restated here.

34.     The Montana Department of Corrections and the Office of the Public Defender established policies, customs, and practices that caused the violation of Larry Walsh's rights under the United States Constitution.

35.     The Montana Department of Corrections and the Office of the Public Defender failed to train, supervise, and discipline their employees with respect to accountability for calculating proper sentences.

36.     The policies, customs and practices implicitly or explicitly adopted by The Montana Department of Corrections and the Office of the Public Defender regarding training, supervision, and discipline amounted to deliberate indifference

to and conscious disregard of Larry Walsh's constitutional rights and ratification of violations of those rights.

37.     The Montana Department of Corrections and the Office of the Public Defender, through their policies, ordinances, regulations, customs, official decisions, and failure to train, supervise or discipline ratified their officers' and employees' intentional disregard for Larry Walsh's constitutional rights.

38.     Each of the foregoing acts and/or omissions in this Count directly and proximately caused or contributed to Larry Walsh's Constitutional deprivations, injuries, and damages.  Larry Walsh suffered great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, harm to reputation, apprehension, and death, which caused Larry Walsh and his family to suffer damages in a sum to be determined at trial.

## COUNT III
## MONTANA CONSTITUTIONAL RIGHTS

39.     Plaintiff hereby incorporates all previous paragraphs as though fully restated here.

40.     Pursuant to the Montana Constitution, Larry Walsh had fundamental, inalienable, and self-executing rights to be secure in his person, papers, home and effects, free from cruel and unusual punishment, and not to be deprived of life, liberty, or property without due process of law.

41.    Defendants' acts and omissions in failing to accurately account for Larry Walsh's length of sentence violated his Montana State constitutional rights.

42.    Each of the foregoing acts and/or omissions in this Count directly and proximately caused or contributed to Larry Walsh 's constitutional deprivations, injuries, and damages and Larry Walsh is entitled to compensatory damages and attorney's fees for Defendants' violations of Larry Walsh 's state constitutional rights.

## COUNT IV
## NEGLIGENCE

43.    Plaintiff hereby incorporates all previous paragraphs as though fully restated here.

44.    At all times pertinent to this Complaint, Defendants were subject to a duty of care under state and federal law to protect Larry Walsh's constitutional, statutory and common law rights.

45.    Defendants breached the applicable standards of care, including negligent training, supervision and discipline of their employees, negligent enactment, enforcement and violation of policies and procedures, negligent violation of Larry Walsh 's constitutional, statutory and common law rights, legal malpractice, and negligent performance of official duties.

46.    Defendants' conduct caused damage to Larry Walsh and his family.

## COUNT V
## FALSE IMPRISONMENT

47.     Plaintiff hereby incorporates all previous paragraphs as though fully restated herein.

48.     Larry Walsh was restrained against his will after the time his sentence had legally expired.

49.     Because Larry Walsh's sentence had legally expired, the state's continued restraint of him was unlawful.

50.     Defendants' conduct caused damage to Larry Walsh and his family.

**WHEREFORE,** Plaintiff respectfully requests the following relief from this Court:

1.  For damages in a reasonable amount to compensate Plaintiff fully for depravation of his constitutional rights.

2.  For damages in a reasonable amount to compensate Plaintiff fully for the negligent acts of Defendants as alleged herein.

3.  For damages in a reasonable amount to compensate Plaintiff fully for physical and mental injury, lost wages, pain and suffering, and other such compensatory damages as may be appropriate in this case;

4.  For attorney fees pursuant to 42 U.S.C. § 1988 and/or the Montana Constitution.

5.  For reimbursement of costs and expenses of suit; and

6.  For all such further relief as the Court deems fair and just.

Dated this 7th day of April, 2021.

/s/Timothy M. Bechtold
Bechtold Law Firm, PLLC


Attorneys for Plaintiff



**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.**

Dated this 7th day of April, 2021.


/s/Timothy M. Bechtold